RACHEL
vs
EMERSON.

---

MOTION.

Case 55.

Oct. 25.

The case stated.

The obligation to teach colored ap-

## Rachel, a girl of color, by next friend *vs* Emerson.

ERROR TO THE CUMBERLAND COUNTY COURT.

*Apprentices. Free persons of color.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is a proceeding by which the County Court, by its order, bound Rachel, a free girl of color, to Emerson. It appears by the record, that A. G. Waggener, at the September term of the County Court of Cumberland, appeared in open Court, and relinquished all right, title, and control over Rachel, who was bound to him by the Court at the August term, 1837, and desired that the Court might take said girl under its jurisdiction and control. Whereupon, by the order of the Court, without summons or notice to the next friend, or person with whom the child resided, as required by the statute, Rachel was bound to Emerson until she arrived at the age of eighteen, to learn the art of house keeping, and indentures were accordingly executed. Rachel has brought the case to this Court by writ of error, and her counsel assigns for error, that the statute has not been pursued in the summons required, nor does the indenture contain a covenant to teach the girl how to spell and read.

The covenant insisted on by the counsel, is dispensed with by the statute of 1843. But the statute expressly

requires that the "next friend, or person with whom the poor child of color shall reside, shall be first summoned." This we regard as a substantial pre-requisite to the action of the Court, as the means of securing the infant against an *ex parte* proceeding, and affording protection to its rights. It is true, if the next friend or person with whom the infant resides at the time, appears in Court and yields his or her consent, a summons is not necessary. But the order, to be valid, should show these facts.

It does not show, in this case, either that Waggener was the next friend, or that Rachel resided with him at the time. She had been bound to him in 1837, but whether she was, at the time of the order, residing with him or not, does not appear. It might, perhaps, be inferred that she was, but the Court should not base its action upon inference or conjecture, in a matter so important to the rights of the infant. She, though colored, has a right to be heard by her next friend or person with whom she resides, and the order should show that the one or the other, in the character designated by the statute, was summoned or appeared in Court.

The order of the County Court is reversed, and the cause remanded, that the same may be set aside and the indentures annulled.

*B. & A. Monroe* for plaintiff.

prentices to read, is dispensed with by the statute of 1843. Persons of color cannot be bound apprentices by County Court, without summoning the next friend or person with whom such person lives, to appear in Court to show cause against the binding out such person—

—Unless there be a voluntary appearance of such next friend, which the record should show.